[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Factual Background
This is a foreclosure action brought by the plaintiff, Laura Rosario, against the owner defendants, Rockville Street Associates and its partners, Mark Shapiro and John Zubretsky. Also party defendants are Rene Rodriguez who subsequently acquired title to the property and several encumbrancers all of whom are subsequent to the plaintiff's interest. Ticor Title Insurance Co. has also appeared as a party defendant.
The plaintiff's interest is a mortgage in the principal sum of $70,000 executed by Rockville Street Associates, Shapiro and Zubretsky on September 23, 1986 when those defendants purchased property known as 9-11 Rockville Street in Hartford.
The plaintiff's mortgage was a purchase money second mortgage following a first mortgage in favor of Pearl-Main CT Page 982 investment Co. in the sum of $115,000.
The parties have stipulated that the fair market value of the property is $250,000.
The parties have stipulated that the fair market value of the property is $250,000.
The mortgage is presently in default and there is presently due the sum of $98,013.38, including interest, as of this date.
The defendants, Rockville Street Associates, Mark Shapiro and John Zubretsky have filed a special defense claiming that the plaintiff made false and fraudulent representations to them upon which they relied in purchasing the property. These alleged false representations were of the revenues derived from rentals, tenant occupancy and compliance with the housing code.
The defendants have also filed a counterclaim alleging that these same actions by the plaintiff constituted a violation of General Statutes 42-110b et seq. (CUTPA).
From the more probative and credible evidence adduced at trial, the court makes the following findings.
The defendants Shapiro and Zubretsky were partners in a real estate investing partnership. Shapiro had extensive experience in acquiring and managing income-producing properties, such as the property in question.
Shapiro investigated and inspected the subject property. He looked at a basement apartment known as Apartment 11 South. A rent roll provided by the plaintiff indicated this apartment was occupied and rent-producing. The apartment, in fact, had been occupied and rented during the period of the plaintiff's ownership. Also, in fact, the apartment had never had a certificate of occupancy issued to it.
The defendants offered no evidence of any representations as to this apartment other than the rent roll provided by the plaintiff. No contract of sale was offered in evidence.
The City of Hartford had, prior to the transfer of property by the plaintiff, inspected the property and found some violations. The lack of a certificate of occupancy for Apartment 11 South was not among these noted violations. The Hartford Assessor's office listed ten apartments (Apartment 11 South was the tenth apartment). All noted violations were cleared prior to the closing. CT Page 983
The defendant Zubretsky testified, and the court so finds, that the rent roll carried by the defendant partnership listed Apartment 11 South as occupied and rent-paying during at least part of his ownership period. Zubretsky does not claim any misrepresentation by the plaintiff.
Law and Conclusion
 The essential elements of an action in fraud, as we have repeatedly held, are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury [citations omitted].
Miller v. Appleby, 183 Conn. 51, 54-55 (1981).
"Fraud and misrepresentation cannot be easily defined because they can be accomplished in so many different ways. They present, however, issues of fact [Citation omitted]. The trier is the judge of the credibility of testimony and the weight to be accorded it." Id. at 55 (emphasis added).
Applying the standards set forth in Miller to the facts found by the court, it must inescapably conclude that the defendants have failed to prove any fraud by the plaintiff.
The court finds that in fact the apartment known as 11 South did not have a certificate of occupancy. It cannot find, however, that the plaintiff knew that such certificate of occupancy did not exist or that the plaintiff represented to the defendants that it did exist. There is no credible evidence that the plaintiff so represented to the defendants and that they relied on such representation.
The court will note that the defendant Shapiro was very experienced in the procedure involved in purchasing apartment houses. No evidence was offered as to his having ever inquired of the City of Hartford as to the legality of these apartments or why he did not so inquire.
Certainly, the defendants' proof has fallen far short of their burden of establishing the claim of fraud by the required standard of clear and satisfactory evidence. Miller v Appleby, supra, Burley v. Davis, 132 Conn. 631 (1946).
The court must, therefore, find the issues for the plaintiff on the complaint. CT Page 984
Inasmuch as the findings on the complaint have been of no misrepresentation by the plaintiff, the court also finds for the plaintiff on the counterclaim.
A judgment of strict foreclosure may enter with a law date of October 15, 1990 and successive days.
The court finds that the plaintiff's reasonable attorney's fees are $5,000 and an award is made in that amount.
Judgment may enter accordingly.
FREED, J.